UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEITH LYNDON THOMAS,

          Plaintiff,

-vs-                                    Case No. 6:21-cv-1729-DAB

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____

**ORDER**

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES (Doc. No. 26)** |
| **FILED:** | October 3, 2022 |

**THEREON** it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART.**

On August 9, 2022, judgment was entered reversing and remanding this case to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 25. On October 3, 2022, Plaintiff

moved, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"), for an award of attorney's fees (the "Motion"). Doc. No. 26.[1]

In the Motion, Plaintiff requests the Court award attorney's fees in the amount of $5,236.82. *Id.* at 1. Plaintiff represents that Plaintiff's attorneys expended 2.6 hours of work on the case in 2021 at an hourly rate of $217.53 and 20.1 hours of work in 2022 at an hourly rate of $232.40. *Id.* at 2, 7, 11-12. Plaintiff attaches detailed timesheets to the Motion. *Id.* at 11-12. The hourly rate requested does not exceed the EAJA cap of $125 per hour adjusted for inflation. *Id.* at 7-9. The Motion is unopposed. *Id.* at 3. The Court finds that the hourly rates and time expended are reasonable.

Plaintiff states, "If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." *Id.* at 2. In *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. The Supreme Court noted, however, that nothing in the statute

---

[1] Local Rule 7.01, which became effective on February 1, 2021, provides a bifurcated procedure for a party seeking post-judgment attorney's fees and related non-taxable expenses. On December 7, 2021, the Standing Order on Management of Social Security Cases was entered suspending application of Local Rule 7.01 for actions covered by the Standing Order. No. 3:21-mc-00001-TJC, Doc. No. 43 ¶ 6 (M.D. Fla. Dec. 7, 2021).

or its holding affects the prevailing party's contractual right to assign the right to receive the fee to an attorney, analogizing those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign entitlement to attorney's fees. *Ratliff*, 560 U.S. at 596-98. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) (the "Anti-Assignment Act") to be valid. *See Farm Bureau Mut. Ins. Co. v. United States*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984).

Section 3727(b) provides that "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." Accordingly, an assignment made prior to the award of attorney's fees necessarily violates § 3727(b) because the claim has not been allowed, the amount of the claim has not been determined, and a warrant for the claim has not been issued. *Id.* Thus, any assignment of EAJA fees which predates an award and determination of the amount of fees is voidable. *See Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008); *Young v. Astrue*, No. 3:09–CV–132 CDL–MSH, 2011 WL 1196054, at *3-4 (M.D. Ga. Feb. 24, 2011). In this case, because Plaintiff's assignment (Doc. No. 26-1) predates this award of fees under the EAJA, it does not satisfy § 3727(b). *Crumbly v. Colvin*, No. 5:13–CV–291 (MTT), 2014 WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014); *Huntly v. Comm'r of Soc.*

3

*Sec.*, No. 6:12-cv-613-RBD-TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 3, 2013). Based on the foregoing, the Court concludes the award of EAJA fees should be made payable to Plaintiff as the prevailing party. *See Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 935, 937 (6th Cir. 2017) (holding in an appeal of a Social Security case that "attorney fees ordered under EAJA are to be paid to the prevailing party" and the Anti-Assignment Act "could serve as a bar to an EAJA fee award assignment").

    Accordingly, it is **ORDERED** that:

1. The Motion is **GRANTED** only to the extent that the Court awards EAJA attorney's fees to Plaintiff, as the prevailing party, in the sum of $5,236.82;

2. Otherwise, the Motion is **DENIED**;[2] and

3. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Orlando, Florida, on October 4, 2022.

                                  *David A. Baker*
                                  DAVID A. BAKER
                                  UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[2] The Commissioner may waive the application of the Anti-Assignment Act to the fee award. *Kerr*, 874 F.3d at 934-35.